## Ephraim Dana & others *vs.* Charles H. Stearns & another.

B., a minor, and S., a person of full age, entered into a partnership, to the capital stock of which B. contributed about $900, and which was dissolved by mutual consent, before B. came of age: On the dissolution, it was ascertained that the firm had made about $300, and B. sold and conveyed to S. all his interest in the partnership property, for which he received the note of S. for $1100, secured by a mortgage of personal property, and S. at the same time gave B. an obligation to pay the debts of the firm: After coming of age, B. proved his note against the estate of S., who had taken the benefit of the insolvent law, and also instituted proceedings with a view to enforce his claim under the mortgage: It was held, that by these proceedings, B. had not ratified the partnership, and made himself liable for the partnership debts.

This was an action of assumpsit, to recover the amount of three promissory notes made by the defendants, Charles H. Stearns and Benjamin F. Barnard, on the 28th of February, 1845, payable to William Stearns, Jr., or order, and by him indorsed, the consideration of which notes was merchandise sold and delivered to the defendants during their partnership. The defendants pleaded severally the general issue. Barnard specified, as matter of defence, payment and minority; and Stearns specified a discharge under the statute for the benefit of insolvent debtors. The case was submitted to the court upon the following agreed statement of facts : —

On the 1st of April, 1844, the defendants entered into partnership for the purpose of trade, and their partnership

continued until the 1st of April, 1845, when it was dissolved by mutual consent.  At the commencement of the partnership, Barnard put in, as his portion of the capital, a little more than nine hundred dollars; and during the year he took out ninety dollars.  Stearns put in a stock of goods, which he then had on hand, and took out, during the year, one hundred and ten dollars.  The profits and loss were to be divided, share and share alike.  On the 1st of April, 1844, Barnard was a minor, under the guardianship of Amos Batchelder, and so continued until the 10th of July, 1845, when he came of age.  A few days before the 1st of April, 1845, the defendants made an inventory of the stock owned in common, the amount of debts due from them, and the amount of debts due to them, from which it appeared that they had made a profit, and had a surplus of two or three hundred dollars.  On said 1st of April, the defendants agreed to a dissolution, to take effect from that day.  Barnard proposed to sell his interest to Stearns for $1200 ; Stearns offered $1100. On or about the 1st of May, 1845, Barnard and Stearns fixed upon the terms, and Barnard agreed to take $1100 upon having security.  On the 8th day of said May, Stearns, with one William Stearns, Jr., as surety, gave the defendant Barnard a note for $1100, dated the 1st of April, 1845, payable on demand with interest ; and, as additional security, made to Barnard a mortgage of the entire stock of goods, which was duly recorded.  On the same 8th of May, Barnard conveyed and released to Stearns all right and interest which he had in and to the partnership property, and Stearns gave Barnard an agreement to pay the debts of the late firm, and also released Barnard from all claim to the sum of ninety dollars, so as aforesaid taken out of the partnership property.  Stearns continued in trade until the 13th of said May, when he entered into partnership with one Thwing, and so continued until he applied for the benefit of the insolvent law.  On the 3d of July, 1845, Batchelder, as guardian of Barnard, commenced a suit upon the note for $1100, and on the next day caused the property of said Charles H.

Stearns, real and personal, to be attached. On the 7th of said July, Stearns applied to a master in chancery for the benefit of the insolvent law ; and a messenger was appointed, who on the same day demanded the property, and the same was, on the 9th, surrendered to him, being the same which had been attached. On the 15th of September, 1845, Batchelder, by his attorney, made a release upon the writ which he had sued out as aforesaid, but dated the same as of the 9th of July previous. On the 6th of May, 1846, the said Stearns was discharged, under the insolvent laws. On the 11th of August, 1845, Barnard applied to the master in chancery, for leave to sell the property which he claimed under his mortgage aforesaid, and which the assignees had received, and to apply the proceeds to the payment of the note for $1100, and to prove against the estate of Stearns for the balance, if any should remain unpaid ; which application the master refused, and Barnard appealed to the supreme judicial court, where the same is now pending.* At or about the time of the appeal, Barnard and the assignees of Stearns agreed that the property described in the mortgage might be sold by the assignees, without prejudice to the right of either party to the proceeds of sale. The plaintiffs, at the first meeting of Stearns's creditors, on the 11th of August, 1845, before the master in chancery, before whom the proceedings were pending, as an insolvent debtor, presented the notes, on which this suit is brought, for proof, and they were allowed as a subsisting claim against Stearns and Barnard.

C. B. Goodrich, for the plaintiffs.

C. P. Judd, for the defendants.

Metcalf, J. The plaintiffs do not contest the validity of Stearns's discharge under the insolvent laws, and they ask for judgment against Barnard only. They admit that the infancy of Barnard was originally a good defence for him ; but they contend that he has deprived himself of that defence, by rat-

* This case was decided in favor of the petitioner, Barnard, at the October term, 1848, in Middlesex. See *Barnard* v. *Eaton*, 2 Cush. 294.

ifying the partnership, since he came of age, and has thereby ratified the notes in suit. The grounds taken by the plaintiffs in argument are these : That when a minor disaffirms a partnership, he is entitled only to the sum which he put in, and is remitted only to his original rights; that Barnard, by retaining the $1100 note and the $90 in money, after he came of age, and by proving that note against the insolvent estate of Stearns, has admitted the validity of the partnership, and shown that it was only dissolved, and not disaffirmed ; that by receiving, as profits of the partnership, $290 more than he put into it, and retaining that sum after he came of age, he has ratified the partnership, and become liable for the partnership debts, contracted before the dissolution, including the notes on which he is now sued. But we are of opinion that there has been no such ratification by Barnard, in any way, as makes him liable to pay these notes. No authority has been cited, and we know of no principle, which goes to such an extent. The case of *Miller* v. *Sims*, 2 Hill's (S. C.) Rep. 479, cited by the plaintiffs' counsel, affirms this doctrine only ; viz., that if a party, who was a member of a firm, during his infancy, does in any manner concur in carrying on the partnership, or receives profits from it, after he comes of age, it amounts to a confirmation, and renders him liable on a partnership note given during his minority. This certainly goes beyond the decision in *Goode* v. *Harrison*, 5 Barn. & Ald. 147, and beyond any other decision that has come to our knowledge. But if we admit its correctness, still it does not reach the present case. Barnard is not shown to have concurred in carrying on the partnership, or to have received any profits from it, since his majority. Whatever he received was received while he was an infant.

We are not aware that any case has gone further, on the subject now before us, than *Boyden* v. *Boyden*, 9 Met. 519. In that case it was held, that if an infant buys goods on credit, and retains and uses them for his own purposes, for an unreasonable time after he comes of age, without restoring them to the seller, or giving him notice that he intends to rescind the contract, it operates as a ratification of the contract, and

renders him liable in an action for the price of the goods. But that case does not support the claim made by the plaintiffs in the present case. In that case, the defendant, after he came of age, retained and used another's property, for which he had paid nothing; and it was held, that he must pay for it. It would have been otherwise, if he had sold or wasted the property, during his minority. In such case, his infancy would have been a good defence. In the present case, the defendant Barnard, while under age, sold to his partner such of the goods, for which the notes in suit were given, as were not previously sold by the firm, and also all the other goods of the firm, and received, partly in money, and partly in a note, the amount which he at first put in, with such a profit thereon as his partner was willing to allow him. By retaining the note after he came of age, he seems to have ratified, if any thing, the dissolution of the partnership, rather than the partnership itself.

*Judgment for the defendants.*